UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIMOTHY C BETTERSON,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Case No. 24–cv–05719–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

Petitioner Timothy C Betterson filed this amended motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 (Amended Motion). (ECF No. 3.) On November 28, 2019, petitioner waived his right to an indictment and pleaded guilty to a one-count information charging him with unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). *United States v. Betterson*, No. 19–cr–00828 (D.N.J.) (Criminal Case) (ECF Nos. 33, 36.) On April 6, 2022, District Judge Joseph H. Rodriguez sentenced petitioner to a 120-month term of imprisonment to be followed by a three-year term of supervised release. (Criminal Case ECF No. 46.) Petitioner did not file an appeal in the United States Court of Appeals for the Third Circuit. (ECF No. 3 p. 2.)

Petitioner submitted his original § 2255 motion on April 3, 2024. (ECF No. 1 p. 13.) I administratively terminated the motion as petitioner did not submit the motion on the Clerk's Office form that included the certification required by *United States v Miller*, 197 F.3d 644 (3d Cir. 1999). (ECF No. 2.) Petitioner submitted his Amended Motion on May 28, 2024. (ECF No. 3.)

The Amended Motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (Act). The Act imposes a one-year period of

limitation on a petitioner seeking to challenge his federal conviction and sentence through a § 2255 motion.   The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   It appears that the Amended Motion is barred by the Act's statute of limitations.

Petitioner did not file an appeal after sentencing.   (ECF No. 3 p. 2.)   The judgment of conviction was entered on April 7, 2022; therefore, petitioner's judgment became final 14 days later, or on April 21, 2022.   *See* Fed. R. App. P. 4(b)(1)(A)(i).   A timely § 2255 motion would have been due April 24, 2023.[1] Petitioner submitted the original motion on April 3, 2024, a year too late. (ECF No. 1.)   Therefore, the Amended Motion is untimely under § 2255(f)(1).

Petitioner asserts the Amended Motion is timely under § 2255(f)(3) after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) (holding state licensing scheme that imposed special

---

[1] April 22, 2023 was a Saturday.   Fed. R. Civ. P. 6(a)(1)(C).

burdens on citizens seeking concealed carry permits violated the Second Amendment), and the Third Circuit's decision in *Range v. AG United States*, 69 F.4th 96 (3d Cir. 2023) (holding § 922(g)(1) was unconstitutional as applied to defendant with a false statement conviction). (ECF No. 3 pp. 19, 20.) "In *Bruen*, the Supreme Court did not announce a new rule of constitutional law retroactively applicable to persons with criminal convictions, and thus is inapplicable to the present circumstances." *United States v. Neal*, No. 19–cr–00230–1, 2024 WL 1095814, at *2 (W.D. Pa. Mar. 13, 2024); *see also In re Terry*, No. 22–13615–C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been made retroactive to cases on collateral review by the Supreme Court." (internal quotation marks omitted)). Therefore, *Bruen* does not reset the Act's statute of limitations for petitioner.

The Third Circuit's decision in *Range* also does not reset the Act's statute of limitations. Section 2255(f)(3) only applies to rights that are "initially recognized by the Supreme Court …." A decision from an appellate court does not have the power to announce a new general rule of constitutional law retroactive on collateral review. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). Therefore, petitioner may not rely on *Range* as the starting point for his one year. I therefore find that the Amended Motion is untimely pursuant to the Act.

The Act's statute of limitations is subject to equitable tolling in appropriate cases, however. "There are no bright-line rules for determining when extra time should be permitted in a particular case. Rather, the unique circumstances of each defendant seeking § 2255 relief must be taken into account." *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (citing

3

*Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). "[E]quity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).  I will give petitioner **45 days** to show cause why the Amended Motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f).

An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　  */s/ Edward S. Kiel*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated:  June 12, 2024

4