UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIMOTHY C BETTERSON,** | Case No. 24–cv–05719–ESK |
| Petitioner, | |
| v. | |
| **UNITED STATES OF AMERICA,** | OPINION |
| Respondent. | |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on Respondent United States's motion to dismiss (Motion). (ECF No. 11.) It argues that petitioner Timothy C Betterson's amended motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 (Amended Motion) (ECF No. 3) is barred by the statute of limitations. (*Id.*) Petitioner did not file opposition to the Motion.

    For the following reasons, I will grant the Motion. I decline to issue a certificate of appealability.

### I.    FACTS AND PROCEDURAL HISTORY

    On November 28, 2019, petitioner waived his right to an indictment and pleaded guilty to a one-count information charging him with unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). *United States v. Betterson*, No. 19–cr–00828 (D.N.J.) (Criminal Case) (ECF Nos. 33, 36.) On April 6, 2022, District Judge Joseph H. Rodriguez sentenced petitioner to a 120-month term of imprisonment to be followed by a three-year term of supervised release. (Criminal Case ECF No. 46.) Petitioner did not file an appeal in the United States Court of Appeals for the Third Circuit. (ECF No. 3 p. 2.)

Petitioner submitted his original § 2255 motion on April 3, 2024. (ECF No. 1 p. 13.) I administratively terminated the motion as petitioner did not submit the motion on the Clerk's Office form that included the certification required by *United States v Miller*, 197 F.3d 644 (3d Cir. 1999). (ECF No. 2.) Petitioner submitted his Amended Motion on May 28, 2024. (ECF No. 3.)

On June 13, 2024, I issued an order to show cause directing petitioner to explain why the Amended Motion should not be dismissed as time barred under the Antiterrorism and Effective Death Penalty Act of 1996 (Act). (ECF No. 5.) I rejected petitioner's argument that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and the Third Circuit's decision in *Range v. AG United States*, 69 F.4th 96 (3d Cir. 2023), *vacated by Garland v. Range*, 114 S. Ct. 2706 (2024), reset the Act's one-year statute of limitations. (ECF No. 4 p. 3.) I ordered petitioner to respond with any equitable tolling arguments he may have. (*Id.* pp. 3, 4.)

In his response, petitioner conceded that *Bruen* and *Range* did not reset the Act's statute of limitations. (ECF No. 6 p. 2.) He did not provide any equitable tolling arguments, instead choosing to argue that his conviction was invalid after the Supreme Court's ruling in *United States v. Rahimi*, 602 U.S. 680 (2024), which had been decided after the order to show cause issued. (*Id.*) In an abundance of caution and in light of petitioner's *pro se* status, I directed the United States to answer petitioner's *Rahimi* argument. (ECF No. 7.)

The United States filed its Motion on April 11, 2025. (ECF No. 11.) It argues that *Rahimi* did not reset the Act's statute of limitations because it is not retroactive on collateral review. (*Id.* pp. 2, 3.) It further argues that petitioner's *Rahimi* argument fails on its merits. (*Id.* pp. 3, 4.) Petitioner did not file opposition to the Motion.

## II. DISCUSSION

The Act imposes a one-year period of limitation on a petitioner seeking to challenge his federal conviction and sentence through a § 2255 motion. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As I noted in the opinion accompanying the order to show cause, the Amended Motion was filed more than one year after petitioner's conviction became final, making it untimely under § 2255(f)(1). (ECF No. 4 p. 2.) Another provision of § 2255(f) must apply to prevent the Amended Motion from being untimely.

The Supreme Court concluded in *Rahimi* that "[w]hen a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect." *Rahimi*, 602 U.S. at 690 (citing 18 U.S.C. § 922(g)(8)). It recognized its prior Second Amendment jurisprudence, noting that regulations prohibiting "the

possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 699 (quoting *D.C. v. Heller*, 554 U.S. 570, 626, 627 n. 26 (2008)).

Neither the Supreme Court nor the Third Circuit have definitively answered whether *Rahimi* resets the Act's statute of limitations under § 2255(f)(3). However, other courts to consider the issue appear to have consistently concluded that it did not. For example, the Tenth Circuit recently concluded that *Rahimi* was "merely an application of an existing right or principle." *United States v. Barragan-Gutierrez*, 136 F.4th 998, 1004 (10th Cir. 2025); *see also Hall v. United States*, No. 3:21–cr–00044, 2024 WL 5372256, at *3 (N.D.W. Va. July 11, 2024) ("[Section] 2255(f)(3), which permits an extension of the one-year time limit based on a newly recognized Supreme Court ruling which is applied retroactively to cases on collateral review, is unavailable and inapplicable, as the Supreme Court in *Rahimi* did neither), *report and recommendation adopted*, No. 3:21–cr–00044, 2025 WL 350390 (N.D.W. Va. Jan. 30, 2025); *United States v. Mayberry*, No. CIV–24–768–R, 2024 WL 4376159, at *2 (W.D. Okla. Oct. 2, 2024) ("Ultimately, Defendant has failed to establish that *Rahimi* recognized a new right that has made retroactive on collateral review such that the time limits outlined in § 2255(f)(3) would apply."); *Kraut v. United States*, No. 3:18–cr–00462–K–1, 2024 WL 4544122, at *3 (N.D. Tex. Oct. 22, 2024) (holding *Rahimi* "did not announce a new rule that may be asserted retroactively on collateral review").

I am persuaded by the Tenth Circuit and the district courts that "*Rahimi* did not recognize a new right and make it retroactive. *Rahimi* recognized an existing right and limited it." *United States v. Anderson*, No. 1:15–cr–00199, 2024 WL 4520443, at *2 (W.D. La. Oct. 17, 2024). Accordingly, § 2255(f)(3) does not reset the Act's statute of limitations for the Amended Motion.

I notified petitioner in the order to show cause that he could provide equitable tolling arguments to prevent dismissal. (ECF No. 5.) Petitioner

4

declined to provide such arguments in response to the order to show cause or the United States's Motion.  (ECF No. 6 *passim*.)  Therefore, I will grant the Motion and dismiss the Amended Motion as untimely.

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  I decline to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I decline to issue a certificate of appealability because jurists of reason would agree that the Amended Motion is untimely pursuant to 28 U.S.C. § 2255(f).

## IV. CONCLUSION

For the reasons stated above, the Motion is granted. The Amended Motion is dismissed as untimely. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

                                                                                                 */s/ Edward S. Kiel*
                                                                                                 **EDWARD S. KIEL**
                                                                                                 **UNITED STATES DISTRICT JUDGE**

Dated: August 21, 2025